\*CINCINNATI GAS, COKE, COAL & MIN. CO. v. BALTIMORE & O. S. W. RY.

**Placing Two Railway Tracks in Narrow Street Not an Exclusive Occupation Thereof.**

  · The placing of a second railway track in a street from thirty-six to forty feet in width between the curbs does not amount to a destruction of or an exclusive occupancy of the street; injunction against such use of the street will not lie upon the petition of abutting property owners, especially since an action by one railway company to condemn their rights in the street is pending. To effect the purpose of the two railroads the track formerly in the center of the street may be moved from the center to one side of the street in order that the new track may be laid on the other side.

APPEAL from common pleas court.

The trustees of the Cincinnati Southern Railway acting under Sec. 3 of supplemental act 70 O. L. 139, resolved, in 1903, to lay a track on Front street in Cincinnati for the purpose of connecting its line with its freight depot at Vine street, and received the assent of the board of the proper officials so to do. In 1910 it passed a resolution condemning the rights of the abutting property owners on said street, for the purpose of laying said track, and to that end to move a track of the Baltimore & Ohio Southwestern Railroad, which was already in the street, six feet to the southward, so that when the construction should be finished there would be two tracks in the street. The street is sixty feet wide in some places and sixty-six feet wide in others, and the roadway, from curb to curb, is thirty-six feet wide in places and forty feet wide in other places. The Baltimore & Ohio Southwestern Railroad entered into an agreement with the trustees of the Southern Railway, consenting to the making of this alteration in the location of its track.

---

\*Affirmed no op., **Cincinnati, G. C. C. & M. Co. v. Railway,** 86 O. S. 343.

Coal & Mining Co. v. Railway.

The trustees then began a suit in the court of insolvency to condemn the rights of the abutting property owners along the street for the purposes aforesaid. The design of the trustees to change the location of the Baltimore & Ohio track appeared upon the face of the application to assess compensation. The abutting property owners then began this suit in the court of common pleas to enjoin the trustees from laying the track in Front street and from removing or altering the location of the Baltimore & Ohio Southwestern Railroad track.

The abutters contended that the placing of two tracks in the street would amount to a destruction of the street and that this was beyond the power of the trustees, and that it was also beyond the power of the trustees to change the location of the Baltimore & Ohio Southwestern track, whatever might be the rights of the trustees with regard to the Southern Railway track. The court of common pleas found that although the trustees, under the act in question, would have a right to take the whole street, its proposed use did not constitute such a taking but that the trustees did not have a right to alter the location of the existing Baltimore & Ohio Southwestern Railroad track in the street, and granted an injunction against doing so, from which the trustees of the Cincinnati Southern Railway took an appeal to the circuit court.

*Pogue & Pogue, Stricker & Johnson, Albert Bettinger, Kramer & Bettman, Healy, Ferris & McAvoy, Wm. C. McLean* and *Miller Outcalt,* for plaintiff.

*Edward Colston,* for the Baltimore & Ohio Southwestern Railroad Company.

*John W. Peck,* for the Trustees of the Cincinnati Southern Railway.

SMITH, P. J.

The court feels that there is no need of further consideration of this cause. We are unanimous that no injunction should be granted and that the petition should be dismissed. We are of the opinion, in the first place, that the question presented

13 O. C. C. Vol. 33.

Hamilton County.

here could and should be presented in the insolvency court. If that is not so, we think there is no exclusive occupancy of Front street proposed, and that the trustees have full power to proceed as they are proceeding. As to carrying out the contract between the trustees and the Baltimore & Ohio Southwestern Railroad Company, we believe that the power of the trustees is ample; that in occupying Front street by the track of the Southern Railway, the trustees have ample power to move the Baltimore & Ohio track, and further, upon the evidence, the usage proposed is not an interference with the public use of the street as would destroy such use.

**Swing** and **Jones, JJ.**, concur.

---

## DEATH—RAILWAYS.

[Lorain (8th) Circuit Court, April 19, 1912.]

Marvin, Winch and Niman, JJ.

MARGARET WARING V. BALTIMORE & OHIO RY.

**Action for Death Occurring in Another State of Nonresident Employe of Railway Engaged in Interstate Commerce is Maintainable in this State under Federal Employers' Liability Act.**

The general rule that no action can be maintained in the courts of this state upon a cause of action for wrongful death occurring in another state, except where the person wrongfully killed was a citizen of Ohio, is so modified by the Federal Employers' Liability act, of April 22, 1908, regulating the liability of interstate railway carriers for the death or injury of their employes while engaged in interstate commerce, as to permit the maintenance of such action by the proper representative of a deceased employe of an interstate railway carrier, though said employe was not a citizen of Ohio and was killed in some other state.

[Syllabus by the court.]

ERROR to common pleas court.

C. W. Dille, Joseph L. Stern and F. M. Stevens, for plaintiff in error.

J. M. Lessick, Charles Lessick and H. C. Johnson, for defendant in error.